## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS

**THE ESTATE OF CHANDLER J.**
**BARNWELL BY AND THROUGH**
**HIS PARENTS MICHAEL AND ANNA**
**BARNWELL, INDIVIDUALLY AND**
**UPON BEHALF OF HIS HEIRS**                                    **PLAINTIFFS**

**vs.**                              **Case No. 4:13cv00681-JM**

**DR. LINDA WATSON, EdD,**
**SUPERINTENDENT OF THE SCHOOL**
**BOARD OF THE LITTLE ROCK**
**INDEPENDENT SCHOOL DISTRICT**
**IN HER OFFICIAL CAPACITY**                                **DEFENDANT**

## ORDER

Plaintiffs brought this action on behalf of their deceased son, Chandler, who was a

freshman at the Parkview Arts & Sciences Magnet School when he committed suicide at his

home on December 7, 2010.  Chandler had been diagnosed with ADHD, Asperger's Syndrome,

and depression several years before starting high school.  Plaintiffs essentially contend that

Chandler's suicide was a result of being bullied in school because of his disability and his failure

to "fit the regular gender stereotypes,", and they blame the Little Rock Independent School

District for not protecting him.  In their first amended original complaint ("the complaint")

(Docket No. 18), Plaintiffs assert claims for relief under Title IX of the Education Amendments

of 1972, 20 U.S.C. §1681(a) and under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.

§794.  The school district has filed a motion to dismiss the complaint pursuant to Federal Rule of

Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted for both

claims. In addition, the school district moves for dismissal based on the statute of limitations as

to both claims as to any alleged statutory violations that occurred before November 27, 2010;

Plaintiffs concede this point, leaving from November 27, 2010 until December 7, 2010 as the relevant time period for assessing the pending motion to dismiss.

The complaint also contains an "alternative" claim as to both the Title IX claim and the §504 claims. Paragraph 123 under the IX section of the complaint alleges that "in addition and in the alternative . . . Chandler was denied the benefits of a proper educational environment and was subjected to discrimination under the District's education program while a recipient of federal funds." Paragraph 129 under the §504 section of the complaint states that "in addition and in the alternative . . . the professionals grossly deviated from professional standards of care . . ."

Dismissal of a complaint pursuant to Rule 12(b)(6) is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court must take a plaintiff's well-pleaded allegations as true and construe all reasonable inferences in a plaintiff's favor. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36-37 (8th Cir. 1995). "[A]s a practical matter . . . only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief" should a motion to dismiss be granted. *Bramlet v. Wilson,* 495 F.2d 714, 716 (8th Cir.1974).

To prove their claim of student-on-student sexual harassment under Title IX, Plaintiffs have to prove that the school district was deliberately indifferent to sexual harassment of which it had actual knowledge that was so severe, pervasive, and objectively offensive that it can be said to have deprived Chandler of access to the education opportunities or benefits provided by the school. *Davis v. Monroe County Board of Education*, 526 U.S. 29, 119 S.Ct. 1661, 143 L.Ed.2d

839 (1999).  While the Eighth Circuit has not addressed the application of this standard to §504

claims, other circuits have interpreted *Davis* to apply equally to §504 cases. *See Estate of Lance*

*v. Lewisville Independent School Dist.*, 743 F.3d 982, 995-96 (5th Cir. 2014).   Furthermore, the

parties in this case agree that this is the standard of review whether the harassment claims are

based on gender or on disability. (Docket No. 28, p. 3).

Applying the *Davis* requirement to this § 504 claim requires Plaintiffs to prove that:

(1) Chandler was an individual with a disability, (2) he was harassed based on his disability, (3)

the harassment was sufficiently severe or pervasive that it altered the condition of his education

and created an abusive educational environment, (4) the school district knew about the

harassment, and (5) the school district was deliberately indifferent to the harassment.

*Lance* at 996.

In the complaint (Docket No. 18), Plaintiffs allege that Chandler had difficulties in school

starting as early 2006 when he was in the 6th grade.  By the time he entered the school district's

Parkview Arts & Sciences Magnet School, he had been diagnosed Depressive Disorder, ADHD,

and Pervasive Development Disabilities Disorder/Asperger's Disorder. He had some "noticeable

physical oddities" including a "pronounced accent and way of talking related to his Asperger's

Syndrome" and dressing in a "unique manner."  According to his mother, she told all the

members of Chandler's IEP Committee at Parkview upon his admission there of her concern that

her son had been bullied at his previous school.  (*Id.* at 2-3). On September 7, 2010, Chandler's

mother reported to his IEP Committee that he was having problems getting to class on time

because other students would not let him pass in the halls. Then, on October 7, 2010, Chandler

had an altercation with another student in his algebra class in which, over the course of the class

period, a female student told him he sounded "fruity" and called him a "faggot," to which he responded by calling her a "nappy headed bitch" and ended up hitting her. (*Id.* at 230).  On or about December 1, 2010, Chandler wrote his school counselor a letter stating that he wanted to leave school because he had no friends and that he couldn't handle "being an outcast for four more years." (*Id.* at 24).

The complaint further alleges that at an IEP meeting the following day, Chandler's mother met with the school psychologist, the speech therapist, and a representative of the school's special education department.  Attending with her on Chandler's behalf was the licensed social worker, Ruth Fissell, Chandler had been seeing for therapy since approximately 2006.  At the meeting, Chandler's mother and Fissell "spoke forcefully about their belief that Chandler's desire to drop out of school was related to the bullying he was experiencing," and his mother said that "she was concerned that Chandler was being bullied, but she did [not] know where or by who." (*Id.* at 25).   The school psychologist reported on her prior observations that Chandler did not engage with his peers and that he was a loner.  At the time of this meeting, the school district had knowledge of Chandler's history, including the events and conversations that occurred prior to the November 27, 2014 statute of limitations cutoff.  Five days after this meeting, after being "taunted, targeted and called a faggot the entire period by a number of students" (*Id.* at 27), Chandler went home and shot himself.

Looking at the school district's response within the operative time period, the complaint alleges that when the school counselor received Chandler's letter of distress on or about December 1, 2010, she called his mother and suggested that one option for Chandler was for him attend an alternative school or to wait until 11th grade and try to graduate early.  At the IEP

meeting on December 2, 2010, while the complaint alleges that the topic of the bullying Chandler was experiencing and his mother's and his therapist's concerns were the subject of much discussion, there was apparently no plan put in place by the school district to further investigate or address these concerns.

The Court cannot say that the complaint has an "insuperable bar to recovery" and finds that the plaintiffs have alleged sufficient factual matter taken as a whole to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The standard for reviewing a motion to dismiss under 12(b)(6) "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Twombly* at 556.

Therefore, the defendant's motion to dismiss (Docket No. 19) is denied.

IT IS SO ORDERED this 26nd day of August, 2014.

_____
UNITED STATES DISTRICT JUDGE